**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

ELBERT KIRBY, JR., CALEB            )
MEADOWS, and JOHN DOE,              )
                                    )
            Plaintiffs,             )
                                    )
v.                                  )        Case No. 14-CV-389-GKF-FHM
                                    )
RESMAE MORTGAGE CORPORATION,        )
LASALLE BANK NATIONAL               )
ASSOCIATION, US BANK NATIONAL       )
ASSOCIATION, and OCWEN LOAN         )
SERVICING, LLC,                     )
                                    )
            Defendants.             )

<u>**OPINION AND ORDER**</u>

Before the court is the motion of plaintiffs Elbert Kirby and Caleb Meadows, appearing *pro se*, for default judgment against defendant Resmae Mortgage Corporation ("Resmae") [Dkt. #22], their motion for additional time to serve defendant Ocwen Loan Servicing, LLC [Dkt. #20], and their motion for alternate service by first class mail [Dkt. #21]. As discussed below, the court finds that the attempted service of process on Resmae was insufficient, and that plaintiffs' Complaint [Dkt. #2] fails to state a claim on which relief may be granted. The plaintiffs' motions are denied, and their Complaint is dismissed without prejudice.

   I.       **Procedural Background**

The plaintiffs filed their Complaint on July 11, 2014. [Dkt. #2]. The court subsequently granted the plaintiffs' motion for leave to proceed *in forma pauperis*. [Dkt. #11]. Returns of service were filed with respect to defendants US Bank National Association [Dkt. #13], Resmae [Dkt. #14], and LaSalle Bank National Association [Dkt. #15] on November 4, 2014. On the returns of service for US Bank National Association and LaSalle Bank National Association,

however, the U.S. Marshals Service certified that it was unable to locate those defendants. [Dkt. ##13, 15]. Only on the return of service for Resmae did the U.S. Marshal Service certify that it had some evidence of attempted service, having left the summons and complaint in a bin located on a receptionist's desk on the third floor of the corporate offices in Wilmington, Delaware. [Dkt. #14]. No return of service has been filed with respect to defendant Ocwen Loan Servicing, LLC.

On December 1, 2014, the court directed the plaintiffs to show cause why the court should not dismiss the action without prejudice as to the unserved defendants. [Dkt. #16]. On December 10, 2014, the plaintiffs moved for additional time to serve Ocwen Loan Servicing, LLC [Dkt. #20], for permission to serve US Bank National Association and LaSalle Bank National Association by first class mail [Dkt. #21], and for default judgment against Resmae [Dkt. #22]. Upon the plaintiffs' motion [Dkt. #19], the Court Clerk entered default against Resmae on December 12, 2014. [Dkt. #23].

## II.    Discussion

Service of process under Fed. R. Civ. P. 4 "provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served." *Hukill v. Oklahoma Native American Domestic Violence Coalition*, 542 F.3d 794, 797 (10th Cir. 2008) (finding that the plaintiff failed to properly serve the defendant when she left service with a receptionist at the defendant's business address). "The plaintiffs bear the burden of demonstrating that the court has personal jurisdiction over the parties, including valid service of process." *Habyarimana v. Kagame*, 821 F.Supp.2d 1244, 1251 (W.D. Okla. 2011) (citing *Claus v. Mize,* 317 F.3d 725, 727 (7th Cir. 2003); *Carimi v. Royal*

*Carribean Cruise Line, Inc.,* 959 F.2d 1344, 1346 (5th Cir. 1992); 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure,* § 1353 (2d ed. 1990)).

Fed. R. Civ. P. 4(h) provides that a corporation or business entity may be served in one of two ways: (i) by serving it in the same manner in which one would serve an individual person under Rule 4(e)(1), or (ii) by delivering the process to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. . . ." In pertinent part, Rule 4(e) allows for service upon an individual by delivering a copy of the summons and complaint to the individual personally, or to an agent authorized to receive service of process. Rule 4(e) also allows for service upon an individual by following the methods provided by the laws of the state in which the district court is located or where service is made. Under both Oklahoma and Delaware law, to effect service of process by personal delivery, the process server must deliver a copy of the summons and the petition or complaint with a designated person, such as the individual being served (Okla. Stat. tit 12 § 2004(C)(1)(c)(1); Del. Super. Ct. Civ. R. 4(f)(1)(I)) or an agent authorized to receive service of process (Okla. Stat. tit. 12 § 2004(C)(1)(c)(3); Del. Super. Ct. Civ. R. 4(f)(1)(III)).

Each of these methods for effecting service by personal delivery has one requirement in common: the summons and complaint must be left with a certain person, such as the individual being served or a designated agent. In this case, however, the return of service for Resmae was not given to any individual; instead, it was left in a bin located on the receptionists' desk located on the third floor of the corporate office. [Dkt. #14]. Whether under Oklahoma law, Delaware law, or the Federal Rules of Civil Procedure, service was insufficient. The court therefore lacks personal jurisdiction over Resmae. As such, the plaintiffs' motion for default judgment [Dkt. #22] must be denied, and the Clerk's entry of default [Dkt. #23] must be set aside.

But even if service upon Resmae had been sufficient and default had been properly entered, the plaintiffs would not be entitled to default judgment. A "defendant's default does not in itself warrant the court in entering a default judgment. . . . There must be a sufficient basis in the pleadings for the judgment entered." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (quoting *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Notwithstanding a defendant's default, "[t]he claimant must state a legally valid claim for relief," and "[a] court may grant judgment by default only for relief that may lawfully be granted on the well-pleaded facts alleged by the claimant." 10 James Wm. Moore *et al.*, *Moore's Federal Practice* § 55.32(1)(b) (3d ed. 2014). Therefore, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Bixler*, 596 F.3d at 762 (quoting 10A Charles Alan Wright, Arthur R. Miller, & Mary K. Kane, *Federal Practice and Procedure* § 2688, at 63 (3d ed. 1998)); *see also Quirindongo Pacheco v. Rolon Morales,* 953 F.2d 15, 16 (1st Cir. 1992) ("After an entry of default, a court may examine a plaintiff's complaint to determine whether it alleges a cause of action."); *Cripps v. Life Ins. Co. of North America,* 980 F.2d 1261, 1267 (9th Cir. 1992) ("[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default.").

To state a legitimate cause of action, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 570 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (holding that a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not

do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555 (citations omitted).

In their Complaint, the plaintiffs allege the defendants used "manufactured evidence of indebtedness" to extort from them property interests worth in excess of $500,000. [Dkt. #2, p. 3]. In support of this allegation, they state that the defendants falsely claimed to own a security interest in their property and mailed demands for payment to them every month for more than four years. [*Id.*, pp. 7–23]. The plaintiffs bring their claim under 18 U.S.C. § 1964(c), which authorizes "[a]ny person injured in his business or property" as a result of racketeering activities prohibited in 18 U.S.C. § 1962 to bring suit to recover treble damages. [*Id.*, p. 1].

But the plaintiffs fail to plead sufficient factual content to allow the court to draw a reasonable inference that the defendants caused them to suffer any injury. The plaintiffs repeatedly insist that they have suffered "tangible losses" to their "'property interests' or 'business interests' or 'business and property interests.'" [*Id.*, pp. 5–6, 23]. Yet they do not say what these interests are. Nor do they offer any allegations that plausibly show that the defendants' conduct deprived them of their property, or inflicted any harm upon them beyond the nuisance of unwanted mail. In the absence of such supporting allegations, the plaintiffs' claims that the defendants deprived them of property interests are merely conclusory allegations, which the court need not accept. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002). The plaintiffs have thus failed to offer sufficient factual allegations to "raise a right to

relief above the speculative level" or "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 555, 570.

The plaintiffs' motion for default judgment against Resmae [Dkt. #22] must therefore be denied not only because service upon Resmae was insufficient, but also because the plaintiffs' Complaint does not contain sufficient factual allegations to state a legally valid claim for relief. The court further finds that the plaintiffs' failure to state a valid claim, and the court's consequent inability to grant the requested relief, constitutes alternate cause to set aside the Clerk's entry of default [Dkt. #23] pursuant to Fed. R. Civ. P. 55(c). *See Nikwei v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 941 (10th Cir. 1987) ("Setting aside a default entry . . . is addressed to the sound discretion of the trial court, and they are given a great deal of latitude in exercising their discretion. . . ." (internal citations omitted)); *Hunt v. Ford Motor Co.*, 65 F.3d 178 (10th Cir. 1995) (unpublished decision) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)) (noting that the presentation of a "meritorious defense" is a "principal factor" to be considered in determining whether there is good cause to set aside an entry of default, though the court may consider other factors).

Because the court has determined that the action fails to state a claim on which relief may be granted, moreover, the court is required to dismiss the Complaint. 28 U.S.C. § 1915(e)(2)(B)(ii). To remedy the deficiencies noted above, the plaintiffs may file an Amended Complaint which specifies the underlying facts that demonstrate that they are entitled to relief. *See Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated.").

Finally, because the underlying Complaint must be dismissed, the plaintiffs' motions for additional time to serve Ocwen Loan Servicing, LLC [Dkt. #20] and for alternate service by first class mail [Dkt. #21] are denied.

## III.     Conclusion

WHEREFORE, the plaintiffs' motion for default judgment [Dkt. #22] is denied, the Clerk's entry of default [Dkt. #23] is set aside, the plaintiffs' Complaint [Dkt. #2] is dismissed without prejudice, and the plaintiffs' motions for additional time to serve defendant Ocwen Loan Servicing, LLC [Dkt. #20] and for alternate service by first class mail [Dkt. #21] are denied. Plaintiffs may file an Amended Complaint within 21 days of this order. Failure to do so may result in dismissal of this action without prejudice.

ENTERED this 16th day of December, 2014.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT